UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMILULAH SAFI,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security,<br><br>Respondents. | No. 2:26-CV-01683-SAB<br><br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Second Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241, ECF No. 1. Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, and is represented by Vicky J. Currie. Respondents are represented by Barbara Andrade.

Petitioner is a native and citizen of Afghanistan. On September 28, 2023, Petitioner entered the United States from Mexico, at or near San Ysidro, California without being admitted or paroled after inspection by an immigration officer. On October 1, 2023, Border Patrol personally served petitioner with a Notice to

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 1**

Appear ("NTA") charging petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than designated by the Attorney General. The initial appearance date on the NTA was scheduled for March 10, 2027, in Seattle Immigration Court.

On October 14, 2023, petitioner was encountered at the Blaine, Washington, Port of Entry, trying to enter the United States from Canada. He was released. On February 28, 2024, a NTA was filed with the Executive Office for Immigration Review ("EOIR"). On May 6, 2024, petitioner filed a Form I-589, Application for Asylum and Withholding of Removal with EOIR.

On December 4, 2025, Border Patrol encountered Petitioner in Sumas, Washington, approximately 800 feet south of the Canadian border. Petitioner had exited a car and was standing at a corner, looking at his phone. Border Patrol contacted Petitioner, and he admitted he was attempting to enter Canada illegally. He was taken into custody and transported to NWIPC.

Petitioner filed his first Petitioner for Writ of Habeas Corpus on January 27, 2026, Case No. 2:26-CV-00308-TLF. On February 17, 2026, Judge Fricke granted his Petition and ordered Respondents to hold a bond hearing. A bond hearing was held on February 24, 2026, and the Immigration Judge (IJ) denied bond, finding that the encounters at the borders demonstrated that Petitioner was a flight risk by clear and convincing evidence. Petitioner did not appeal that decision to BIA.

Petitioner subsequently filed a Second Petition for Writ of Habeas Corpus, asserting the bond determination hearing was arbitrary and conclusory, and reflective of an abuse of discretion and devoid of any reasoned or individualized analysis and unsupported by the record.

The Court has jurisdiction to review IJ custody determinations for legal error, including whether an IJ's bond decision was arbitrary, applied the wrong legal standard, or violated due process. *See Martinez v. Clark*, 124 F.4th 775, 783

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 2**

(9th Cir. 2024). The habeas court's review of an IJ's determination of flight risk is for abuse of discretion. *Id*. at 784-85. When conducting such a review, the court may only determine whether the IJ applied the correct legal standard, not reweigh the evidence. *Id*. District courts look to whether the IJ explained their reasoning and conclusions, finding that IJs abused their discretion where no reasoned connection was drawn between the IJ's factual findings and determination of flight risk. *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *5 (W.D. Wash. Apr. 10, 2026). Due process requires a meaningful and individualized bond determination, including a reasoned decision based on the evidence presented and a contemporaneous record sufficient for review. *Singh*, 638 F.3d at 1203-04.

Exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). However, some Courts require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before pursuing habeas relief. *Id.* In evaluating whether to require administrative exhaustion prior to seeking review by an Article III court, a court must consider: (1) whether agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) whether administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Exceptions to this exhaustion requirement include "situations… where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). The exhaustion requirement is also waived when a petitioner challenges issues other than the BIA's ruling on removability. *Laing v.*

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 3**

*Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004).

Respondents assert Petitioner should be required to exhaust his administrative remedies before the Court reviews his petition, as the Board of Immigration Appeals (BIA) has subject matter expertise, allowing review at this stage would allow Petitioner to bypass administrative appellate procedures, and the BIA is capable of correcting any potential errors made by the IJ during the bond hearing.

As a preliminary matter, the Court finds it has jurisdiction to review whether the bond hearing satisfied due process requirements and comports with statutory and constitutional requirements. Notably, the BIA lacks the authority to review constitutional questions.

Next, the Court finds the bond determination hearing comported with due process. The IJ followed the mandated procedures at Petitioner's bond hearing, correctly stating the standards and burden of proof. Petitioner was given a full opportunity to present or rebut evidence regarding his flight risk. Petitioner admitted he sought to enter Canada illegally, but explained it was out of fear, rather than an attempt to elude immigration officials. Petitioner explained he lived with his uncle and could return there. He was working and supporting his family.

The IJ considered Petitioner's arguments and decided against bond. The IJ concluded Petitioner's explanations as to why he was found near the border to be incredulous. The Court cannot review the IJ's credibility determinations. *Wilkenson v. Garland*, 601 U.S. 209, 225 (2024). The bond decision was not arbitrary and was supported by sufficient evidence. The IJ did not abuse it discretion in concluded that if release, Petitioner presented a substantial risk of failing to appear for further proceedings or removal, given his past two encounters near the Canadian border. After finding Petitioner to be a flight risk, the IJ was under no obligation to consider whether alternative conditions of supervision would be sufficient to mitigate the risk of his flight. *Martinez*, 124 F.4th at 786

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 4**

(noting that due process does not mandate immigration courts consider release conditions or conditional parole before deciding than an alien is a danger to the community).

Accordingly, **IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

2. The Clerk of Court is directed to enter judgment in favor of Respondent and against Petitioner.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 24th day of June 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 5**